JONES, JUDGE:
This claim is for damages in the amount of $1,077.25 for the destruction of the household goods and personal belongings of the claimants, Larry L. Betonte and Judith A. Betonte, his wife. The damages were caused by flood waters backing up from a drain under West Virginia Route No. 19 in the City of Fairmont, in Marion County. The claimants were living in a rented toiler on the upper side of the highway.
*208 About the year 1928 Route No. 19 was relocated and at that time, with the consent and cooperation of the property owners, the respondent, Department of Highways, then the State Road Commission, constructed a storm sewer from the property line of Ralph Truman through lands later occupied by the claimants’ trailer to a manhole near the edge of the road right of way, which connected with a 24-inch culvert laid under the highway and discharging into an open ditch on the lower, opposite side of the highway. From the evidence it appears that the drainage was adequate until the year 1969. Then during heavy rains the water backed up above the manhole, flooding a considerable area and causing damage to gardens. Complaints were made by several property owners to the Governor and to the respondent State agency, and efforts were made by the respondent to clean out the culvert. However, surface water continued to flood the area in 1970 and 1971, and the respondent was aware of the problem at all times. In June, 1972, during an extremely hard rain, the water backed up above the manhole so fast and so high that within about 45 minutes time the claimants’ trailer, setting on blocks, was flooded to a depth of about 1-1/2- feet above the floor. Mr. Betonte was working with other men to see if there was anything they could do to hasten the runoff through the culvert and by the time he realized the danger to his property he only had time to get his wife out of the trailer, along with their TV set and a camera, and to place some articles at higher levels. A substantial part of the claimants’ belongings were rendered worthless, although certain clothing was salvaged by washing and dry cleaning.
The Court finds that the respondent knew that the culvert, either by reason of inadequate size or a clogged condition, was not carrying off surface waters in the area quickly enough to prevent damage to property owners. The damage to the claimants was a foreseeable event which could have been avoided by proper care on the part of the respondent; and the claimants were not at fault. Therefore,' it is our opinion that the claimants should recover a reasonable compensation for their losses.
One of the claimants, Larry L. Betonte, has placed a value and approximate age upon each item of property destroyed, and he admits that his computations of value are based on replacement costs. Obviously, most of the figures are considerably above market values, and in cases of this kind fair market values may not be established *209 with absolute certainty. However, viewing all of the facts and circumstances and examining each item of damage and the probable depreciation in each case, we have arrived at total damages in the amount of $700.00.
Accordingly, the Court is of opinion to and does hereby award to the claimants Larry L. Betonte and Judith A. Betonte, the sum of $700.00.
Award of $700.00.